IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ZACHARY JOHN CLEARY, | ) | CASE NO. 5:17-cv-01671 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN KIMBERLY CLIPPER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner Zachary John Cleary ("Petitioner" or "Cleary"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254.  Doc. 1.  Cleary challenges the constitutionality of his conviction and sentence in *State of Ohio v. Zachary Cleary*, Case No. 2013CR1438 (Stark County).

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  On December 7, 2017, Respondent filed a Return of Writ.  Doc. 9.  Although provided an opportunity to do so (Doc. 7), Cleary has not filed a Traverse.  For the reasons set forth below, the undersigned recommends that the Court **DISMISS and/or DENY** Cleary's Petition.

## I.    Procedural Background

### A.    State Conviction

In October 2013, the Stark County Grand Jury indicted Cleary on one count of burglary in violation of R.C. §2911.12(A)(2).  Doc. 9-1, pp. 3-4, 74.  On November 27, 2013, Cleary withdrew his not guilty plea and entered a plea of guilty to burglary as charged in the indictment. Doc. 9-1, pp. 5-12, 75.  Cleary signed a written plea, which included the following acknowledgement:

1

I understand my right to appeal a maximum prison term or if the sentence is contrary to law, and that any appeal must be filed within 30 days of my sentence.

Doc. 9-1, p. 12

On December 23, 2013,[1] the trial court sentenced Cleary to 3 years community control subject to the supervision of the Court under certain terms and conditions, with a warning that if Cleary violated any of the conditions, he may be subject to a more restrictive sanction, a longer sanction, or a prison term of 8 years.  Doc. 9-1, pp. 13, 14-18.  Cleary did not appeal his conviction or sentence.

On July 28, 2014, upon the request of Cleary's probation officer, who reported that Cleary's whereabouts were unknown, the trial court issued a warrant and tolled probation.  Doc. 9-1, p. 21.  Also, on July 28, 2014, Cleary's probation officer filed a motion to revoke probation or modify former order, setting forth Cleary's violations of the terms and conditions of his probation.  Doc. 9-1, pp. 22-23.  Over two years later on October 26, 2016, Cleary appeared with counsel and waived a probable cause and evidentiary hearing and stipulated to revocation of his community control.  Doc. 9-1, p. 24, 25-28.  The trial court found that Cleary had violated terms and conditions of his community control sanction; revoked Cleary's community control sanction; and imposed a prison term of 6 years.  Doc. 9-1, pp. 25-28.  The judgment entry was docketed on October 31, 2016.  Doc. 9-1, p. 26.  Cleary did not file a timely appeal.

**B.      Delayed direct appeal**

On January 25, 2017, Cleary, acting *pro se*, filed a notice of appeal (Doc. 9-1, pp. 36-40, 76, 78) and a motion for leave to file delayed appeal with the Fifth District Court of Appeals

---

[1] The sentencing entry was docketed on January 2, 2014.  Doc. 9-1, p. 13.

(Doc. 9-1, pp. 29-35).[2]   Cleary argued that leave to file a delayed appeal was warranted because he was not informed by the trial court or his trial counsel of his right to appeal or right to appellate counsel and was not made aware of those rights until December 14, 2016, when informed by an inmate law clerk.  Doc. 9-1, p. 32, 34-35.  The State of Ohio did not file a response to Cleary's motion for leave to file a delayed appeal.  Doc. 9-1, p. 41.  On March 8, 2017, the state court of appeals denied Cleary's motion for leave to file delayed appeal.  Doc. 9-1, pp. 41-42.

On March 27, 2017, Cleary, acting *pro se*, filed a notice of appeal and a memorandum in support of jurisdiction with the Supreme Court of Ohio from the court of appeals' March 8, 2017, denial of his motion for leave to file delayed appeal.  Doc. 9-1, pp. 43-61.  The State of Ohio filed a memorandum in response.  Doc. 9-1, pp. 62-72.  On July 5, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Cleary's appeal.  Doc. 9-1, p. 73.

## C.    Federal habeas corpus

On August 9, 2017, Cleary, acting *pro se*, filed a federal habeas petition under 28 U.S.C. § 2254, raising one ground for relief.  Doc. 1.  On December 7, 2017, the State of Ohio filed a Return of Writ.  Doc. 9.  Cleary's Traverse was due on or before January 24, 2018.[3]  Doc. 7.  Cleary did not file a Traverse by the deadline nor has he sought an extension of time to do so.

---

[2] Cleary's certificate of service states that the notice of appeal and motion for leave to file delayed appeal were mailed on December 14, 2016 (Doc. 9-1, pp. 33, 37) yet the affidavit filed in support of the motion for leave to file delayed appeal is dated December 20, 2016 (Doc. 9-1, p. 32, 34-35).

[3] The order setting briefing deadlines provides that Petitioner shall file his Traverse within 45 days of the filing Respondent's Return of Writ.  Here, the Return of Writ was filed on December 7, 2017, making the Traverse due on January 21, 2018.  Since service upon Petitioner was via mail, an additional three days are added.  *See* Fed. R. Civ. P. 6(d).

## II.      Law and Analysis

### A.      Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim-
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application'

of clearly established federal law when 'the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.'"  *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable

application' clause requires the state court decision to be more than incorrect or erroneous."

4

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)).  This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Harrington*, 562 U.S. 86, 102-103 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.**     **Ground One**

**Ground One**:[4]

**Supporting Facts**: Appellant ensured to inform the Court, within his motion for leave to file delayed appeal, that "Appellant's constitutional rights to appeal were never explained to him, he was simply instructed to read the paragraph before signing the guilty plea form, i.e., the 'Admission of Guilt/Judgment Entry.  Nor was ever advised of his constitutional right to appointment of appellate counsel to file a timely notice of appeal."

Doc. 1, p. 4.

Cleary includes supporting facts but does not state a specific ground for relief.  Thus, a finding of waiver may be warranted.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–996 (6th Cir.

---

[4] Cleary does not spell out Ground One.  Doc.1, p. 4.

1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." ) (internal citations omitted).

If not deemed waived, based on the limited supporting facts included in his Petition, it appears that Cleary is seeking federal habeas relief on the basis that he was not advised of his appellate rights and/or that the state court of appeals improperly denied his request to file a delayed appeal.  In order to be entitled to federal habeas relief, a petitioner must demonstrate that a state court's determination was contrary to or an unreasonable application of clearly established federal law.  Accordingly, to the extent that Cleary seeks federal habeas relief based on alleged violations of state procedural rules with respect to the state court of appeals' denial of his motion for leave to file delayed appeal, his claim is not cognizable on federal habeas review and should be dismissed.

Further, "[t]he United States Supreme Court has held that a 'district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Allen v. Jeffreys*, 2008 WL 746671, *6 (N.D. Ohio Mar. 18, 2008) (citing *Peguero v. United States*, 526 U.S. 23, 24, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), which decided the issue in the context of 28 U.S.C. § 2255).  Further, "[i]t has been held that 'due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights."  *Crouse v. Bradshaw*, 2013 WL 5774702, *14 (N.D. Ohio Oct. 23, 2013) (citing *Wolfe v. Randle*, 267 F.Supp.2d 743, 746-748 (S.D. Ohio 2003)).

Here, even if the trial court or counsel did not advise him of his right to appeal, the record does not support a claim that he was ignorant of his appellate rights.  As the record reflects, the

plea form signed by Cleary, while represented by trial counsel, included the following statement: "I understand my right to appeal a maximum prison term or if the sentence is contrary to law, and that any appeal must be filed within 30 days of my sentence."  Doc. 9-1, p. 12.   Cleary acknowledges that he was instructed to read the guilty plea form prior to signing.  Doc. 1, p. 4 (". . . constitutional rights to appeal were never explained to him, he was simply instructed to read the paragraph before signing the guilty plea form . . .").   And there is no indication that Cleary did not understand the form.

Considering the foregoing, Cleary is unable to demonstrate that he was not aware of his right to appeal or the time for filing an appeal following his guilty plea.  Further, he has not shown that the state court of appeals' denial of his motion for leave to file a delayed appeal was contrary to or an unreasonable application of clearly established federal law.  Thus, Cleary should be denied federal habeas relief.  *See e.g., Moss v. Warden, Lebanon Correctional Inst.*, 2010 WL 3703273, * 3-4 (S.D. Ohio June 7, 2010) (rejecting claim that petitioner's federal constitutional rights were violated where it was alleged that the trial court did not advise petitioner of any appellate process because petitioner had signed a plea form acknowledging his appellate rights and because there was no clearly established federal constitutional right to notice of state appellate rights); *Warren v. Warden, Noble Corr. Inst.*, 2008 WL 1732976, *4, 11-14 (S.D. Ohio Apr. 10, 2008) (rejecting a petitioner's claim that he had not been informed of his right to appeal where the petitioner had signed two guilty plea agreements indicating he had been advised of his right to appeal and the time limit for filing an appeal and the record reflected that he had understood and discussed with counsel the guilty plea agreement); *Allen v. Jeffreys*, 2008 WL 746671, *6 (N.D. Ohio Mar. 18, 2008) (rejecting a petitioner's claim that he had not been informed of his right to an appeal where he signed guilty pleas that included the following

language: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence[;]" he did not have questions for his attorney, the court or the prosecution; he had discussed the form with his counsel; and he indicated he had no problems reading or understanding English).

Based on the foregoing, the Court should dismiss and/or deny Ground One.

### III.    Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS and/or DENY** Cleary's Petition.

Dated: March 2, 2018

_____
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).